IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jonathan Michael Brown,<br><br>       Petitioner,<br><br>v.<br><br>Warden of Perry Correctional Institution,<br><br>       Respondent. | C/A No. 8:24-cv-5077-JFA<br><br><br><br>**OPINION AND ORDER** |

  This matter is before the Court on Petitioner Jonathan Michael Brown's "Motion for Certificate of Appealability." (ECF No. 61). Previously, this court dismissed Brown's petition for habeas relief pursuant to 28 U.S.C. § 2254. (ECF No. 49). Within that Order, the court specifically declined to issue a certificate of appealability. (ECF No. 49, p. 27). That decision was later reiterated in the Order denying Brown's motion to alter or amend pursuant to Rule 59(e). (ECF No. 59). Because Brown is now attempting to have this court alter its previous decision to deny a certificate of appealability, the instant motion is hereby construed as a Motion to Alter or Amend the Judgment pursuant to Rule 59(e). (ECF No. 61).

  Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice ¶ 59.30[4] (3d ed*.*); *Doe v. Spartanburg Cty. Sch. Dist. Three*, 314 F.R.D. 174, 176 (D.S.C. 2016) (quoting *Pac. Ins. Co. v. Am. Nat. Fire Ins*. Co., 148 F.3d 396, 403 (4th Cir. 1998)).

The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (emphasis added). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Additionally, a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Here, Petitioner seeks to have this Court reconsider its prior order (ECF No. 49) adopting the Magistrate Judge's Report and Recommendation and consequently dismissing this action without a certificate of appealability. The motion was filed no sooner than December 19, 2025, as that is the date noted next to Brown's signature. (ECF No. 61, p. 7). This is more than 120 days since the filing of the court's original order denying a certificate of appealability. Because Brown was required to file his motion within 28 days of the entry of the judgment he now seeks to amend, his motion is untimely. Accordingly, Brown's motion for a certificate of appealability is denied.

IT IS SO ORDERED.

December 30, 2025  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge